signatures of two-thirds of the 13, and the proper order will be entered calling the second meeting of the creditors.

---

## Case No. 5,423.

### In re GILE.

[5 Law Rep. 224; 1 N. Y. Leg. Obs. 87.]

District Court, D. Vermont.   July 25, 1842.

BANKRUPTCY — WITHDRAWAL OF PETITION AFTER DECREE— ASSENT OF ASSIGNEE.

1. A voluntary petition for a decree of bankruptcy cannot be withdrawn and further proceedings stayed, after a decree of bankruptcy has been made, without the concurrence of all whose interests may be affected.

2. It seems, that the assent of the assignee to such a course, is not absolutely necessary in all cases.

The petitioner [John Gile] having been declared a bankrupt on the twenty-fourth of May last, on his own application, now filed a petition praying, for the reasons therein set forth, that the decree of bankruptcy might be set aside and all further proceedings stayed.

PRENTISS, District Judge.   At the last May term of the court, applications were made for leave to withdraw petitions which had been filed for the benefit of the bankrupt act [of 1841 (5 Stat. 440)], and upon which orders of notice had been issued and published for a hearing at that time. The applications were granted, and the petitions ordered to be dismissed. Other applications of a like nature, since presented, have been disposed of in the same way. In neither of the cases was there any appearance on the part of any of the creditors; and as to the power or right of the court, under such circumstances, to dismiss a petition, for good reasons, on motion of the petitioner, before a decree of bankruptcy, I entertained no doubt whatever. But the application in the present case, being after a decree of bankruptcy has passed and intervened, presents an entirely new and different question. By the decree, all the property and rights of property of the bankrupt have passed from him and become vested in the assignee, for the benefit of his creditors. The effect of setting aside the decree would be to divest the assignee of the property and restore it to the bankrupt; and I do not see how this can be done without the concurrence of all whose interests may be affected by it. If the consent of the assignee and the creditors is obtained, there would seem to be, on principle, no good objection to the proceeding; for no one else can have any possible interest in the matter. I believe there is no instance in the English practice, where a commission of bankruptcy has been superseded, on application of the bankrupt, in any case at all analogous to the present, without the actual consent of the creditors; and it

JOFED.CAS.—24

appears to me that their consent, at any rate, cannot be dispensed with. Perhaps the actual consent of the assignee may, not be indispensable. If he has not taken possession of the property, or done any act under the decree, he can be put to no possible harm, nor have any real interest adverse to the application. If, however, he should refuse his consent, having no good reason to withhold it, the court, with the concurrence of the creditors, might order the decree vacated, and all further proceedings stayed in the case, on notice to him to show cause against the motion.